

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARTHUR RAY,

                Petitioner,

v.

A. TITUS, Superintendent,

                Respondent.

---

22-CV-307-JLS-MJR

REPORT AND RECOMMENDATION

## INTRODUCTION

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) by the Honorable John L. Sinatra, Jr. for all pre-trial matters, including preparation of a report and recommendation on dispositive motions. (Dkt. No. 8). Before the Court is a motion to dismiss Arthur Ray's habeas corpus petition for failure to exhaust state court remedies. (Dkt. No. 4). For the following reasons, this Court recommends that the District Court grant respondent's motion to dismiss.

## BACKGROUND and PROCEDURAL HISTORY

*Pro se* petitioner Arthur Titus, an inmate at Orleans Correctional Facility, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Petitioner is incarcerated pursuant to a judgment of conviction following a guilty plea to attempted first degree assault (New York Penal Law §§ 110, 120.10(1)). Petitioner is serving a determinate prison sentence of 12 years, followed by 5 years of post-release supervision. Following sentencing, petitioner's trial counsel filed a notice of appeal to the Appellate Division of the New York State Supreme Court, Fourth Department. Petitioner has not perfected his appeal, nor has the appeal been dismissed.

In his habeas petition, filed on April 22, 2022, petitioner contends that: (1) trial counsel was ineffective: (a) because counsel advised petitioner to plead guilty without filing any motions and before conducting pre-trial hearings; and (b) for not challenging the 12-year prison sentence imposed, because the trial court had suggested it would impose a 10-year sentence; (2) appellate counsel was ineffective for failing to perfect his direct appeal; (3) his plea was not knowing and voluntary because the trial court led him to believe his prison sentence would not exceed 10 years; and (4) his 12-year sentence was harsh and excessive because the court had suggested that it would impose a lesser sentence. On these bases, petitioner seeks a writ of habeas corpus vacating his convictions and directing his release.

On May 26, 2022, respondent filed the instant motion to dismiss the petition for failure to exhaust state court remedies. (Dkt. Nos. 4; 5; 6; 7). Petitioner filed a response in opposition to the motion. (Dkt. No. 9). Respondent filed a reply. (Dkt. No. 10). Petitioner filed a sur-reply.[1] (Dkt. No. 12). At that time, the Court considered the matter submitted for report and recommendation.

## DISCUSSION

### 1. *Legal Standards*

There are two sources of procedural rules in § 2254 proceedings. The primary source is the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1076 (11th Cir. 2014). However, if the Habeas Rules do not fully delineate the proper procedure, or if the

---

[1] Petitioner did not request leave of the Court to file a sur-reply or other supplemental memorandum. *See* W.D.N.Y. L. R. Civ. P. 7(a)(6) ("Absent permission of the Judge hearing the motion, sur-reply papers are not permitted."). Although the Court could decline to consider this filing, given Petitioner's *pro se* status, the Court has reviewed and considered it in addressing this motion.

2

requirements under these Rules are not clear, courts may turn to the Federal Rules of Civil Procedure ("Civil Rules") to fill in any procedural gaps and resolving lingering ambiguities. *Id.*; *see* Rules Governing § 2254 Cases, Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases . . . .").

In this District, respondents may file a motion to dismiss in lieu of an answer, as respondent did here. *Tripathy v. Schneider*, 473 F. Supp. 3d 220, 225 (W.D.N.Y. July 17, 2020) ("In proceedings under Section 2254, courts generally have applied "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure . . . to the government's motion to dismiss."). A respondent may move to dismiss a complaint or petition on the ground that it fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To state a claim on which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

In reviewing a complaint or petition in the context of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true all factual allegations and draw all reasonable inferences from those allegations in favor of the plaintiff. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Specifically, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must "allow[] the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Supreme Court has further instructed that "[d]etermining whether a complaint states a plausible claim for relief [...] requires the [...] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

Where, as here, the plaintiff is proceeding *pro se*, the complaint or petition, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'") (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). That said, even a *pro se* complaint must be dismissed if it does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In ruling on a motion to dismiss, a court "may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) (citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice

of documents filed in other courts, again not for the truth of the matters asserted in the other litigations, but rather to establish the fact of such litigation and related filings.").

### 2. Failure to Exhaust State Court Remedies

Respondent argues that the petition must be dismissed because Ray did not exhaust his claims prior to bringing them to federal court, nor is he excused from failing to exhaust these remedies. In the petition and other fillings, Ray does not allege that he sought relief for his claims in state court. Instead, Ray argues that if he is required to exhaust his claims in state court, he "will have served his sentence without being heard in court, which is a violation of due process and ineffective assistance of counsel." (Dkt. No. 9, pg. 1).

"Before a federal court may grant habeas relief to a prisoner in state custody, the prisoner must exhaust his or her state court remedies." *Galdamez v. Keane*, 394 F.3d 68, 72 (2d. Cir. 2005) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)); 28 U.S.C. § 2254(b)(1). To provide the State with the necessary "opportunity to pass upon and correct" alleged constitutional violations, the prisoner must "fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted); *see McCray v. New York*, 573 Fed. Appx. 22, 23 (2d Cir. 2014) (summary order) ("Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."). The exhaustion requirement promotes interests in comity and federalism by demanding that state courts have the first opportunity to decide a petitioner's claims. *Rose v. Lundy*,

5

455 U.S. 509, 518-19 (1982). Habeas corpus petitioners bear the burden of demonstrating that they have exhausted available state remedies. *Pham v. Kirkpatrick*, 209 F. Supp. 3d 497, 510 (N.D.N.Y. 2016), *aff'd* 711 Fed. Appx. 67 (2d Cir. 2018).

A petitioner must exhaust all available state remedies either on direct appeal or through a collateral attack of his conviction before he may seek a writ of habeas corpus in federal court. *Lewis v. Bennett*, 328 F. Supp. 2d 396, 402-03 (W.D.N.Y. July 12, 2004). Where a petitioner's claim is based on the trial court record, a petitioner may exhaust the claim by filing a direct appeal to the relevant Appellate Division and seeking leave to appeal to the New York Court of Appeals. *See Elleby v. Smith*, 20-CV-2935, 2020 U.S. Dist. LEXIS 90464, at *9 (S.D.N.Y. May 22, 2020). Where the claim for relief is not appropriate for direct appeal because it cannot be demonstrated on the basis of the pretrial record, a petitioner may exhaust the claim by raising it to the state trial court in a collateral post-conviction motion, such as a motion under New York Criminal Procedure Law § 440. *Id.* Or the petitioner may raise the claim in a petition for a writ of habeas corpus filed with the trial court or Appellate Division, followed by an appeal from any denial of the petition. *Id.*

Section 2254 provides two narrow exceptions to the exhaustion requirement in 28 U.S.C. § 2254(b)(1)(A). A federal court may grant a petitioner's unexhausted petition for habeas corpus if (1) "there is an absence of State corrective process," or (2) "circumstances exist that render such process ineffective to protect the rights of the applicant." *Brooks v. Wolcott*, 20-CV-0516, 2020 U.S. Dist. LEXIS 102339, at *8-9 (W.D.N.Y. June 11, 2020) (citing 28 U.S.C. § 2254(b)(1)(B)(i)-(ii)). If a claim has not been exhausted and it does not fall within either exception, courts will generally dismiss the

claim without prejudice, allowing petitioner to assert his unexhausted claims in state court. *See Elleby*, 2020 U.S. Dist. LEXIS 90464, at *10.

Here, Ray does not deny that each of his claims is unexhausted. Instead, he blames his failure to exhaust on his trial counsel and on his retained appellate attorney. Following his conviction and sentence, Ray's trial attorney filed a notice of appeal on December 22, 2015. *See* Dkt. No. 5-1, pgs. 27-29. However, respondent affirms that Ray has not perfected his direct appeal according to the records of the Clerk's Office for the Appellate Division, Fourth Department. *See* Dkt. No. 5, ¶ 4. Ray contends that he hired an appellate attorney to perfect his appeal, but that attorney failed to do so. The Fourth Department has no records of any motions filed in connection with this appeal. *See id.* Further, the Clerk's Office for Niagara County Court reports that Ray has not filed any post-conviction motions in the trial court. *See id.*, ¶ 5.

Ray has not met his burden to establish that he exhausted his claims. Nor does an exception to the exhaustion requirements apply here. In fact, Ray still has opportunity to pursue a direct appeal through which he can exhaust his record-based claims. The New York Criminal Procedure Law and the rules of the Appellate Division, Fourth Department do not provide for the automatic dismissal of unperfected criminal appeals. A motion by the prosecution or the court, with notice and opportunity to be heard, is required before an appeal may be dismissed. *See* CPL § 470.60; 22 N.Y.C.R.R. § 1250.10(b); N.Y.C.R.R. Part 1000. Here, neither the prosecutor's office nor the appellate court have moved to dismiss the appeal. *See* Dkt. No. 5, ¶ 4; *Moore v. Vann*, 9:20-CV-12, 2020 U.S. Dist. LEXIS 163890, at *10 (N.D.N.Y. Sept. 9, 2020) ("no court in this Circuit has ever held that an unperfected appeal, which has not been formally dismissed by the state court, can be

7

deemed a 'final judgement' for habeas corpus purposes."). Thus, there is still an opportunity for Ray to obtain redress in state courts on his record-based claims.

Further, to the extent Ray asserts claims outside the pretrial record, including claims that his trial counsel misinformed him, those claims may be raised and exhausted in a motion to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10. See Carpenter v. Unger, 10-CV-1240, 2014 U.S. Dist. LEXIS 116051, at *65-66 (N.D.N.Y. Mar. 28, 2014), adopted by 2014 U.S. Dist. LEXIS 116051 (N.D.N.Y. Mar. 28, 2014) ("CPL § 440.10, the proper vehicle for challenging ineffective assistance of counsel claims that rely on evidence outside the record, has no statute of limitations."). Indeed, the Criminal Procedure Law was amended, effective October 25, 2021, to provide that all ineffective trial counsel claims may be raised by way of CPL § 440.10 motions. See CPL § 440.10(2)(b) and (c); People v. Green, 201 A.D.3d 814, 816 (2d Dep't 2022). Ray does not claim to have filed such a motion, nor does the trial court have a record of any such filing. Nonetheless, because there is no time limit within which to file a § 440.10 motion, Ray still has an opportunity to pursue his ineffective trial counsel and off-the-record claims. See Mercedes v. Superintendent, 9:12-CV-0687, 2014 U.S. Dist. LEXIS 81388, at *16 (N.D.N.Y. June 16, 2014) (holding that petitioner could still exhaust his claim that counsel failed to correctly advise him of consequences of his guilty plea because there is no time limit to bring a § 440.10 motion).

Lastly, Ray may still exhaust his claim of ineffective assistance of appellate counsel by filing a motion for a writ of error coram nobis in the Appellate Division, and by then seeking leave to appeal any denial of that motion. See People v. Bachert, 69 N.Y.2d 593, 598 (1987) ("a motion for a writ of error coram nobis lies where it was asserted that


a court-appointed lawyer failed to prosecute an appeal"); *Shomo v. Maher*, 04-CV-4149, 2005 U.S. Dist. LEXIS 5341, at *9-11 (S.D.N.Y. Mar. 31, 2005) (explaining state procedure to exhaust collateral claims of ineffective assistance of appellate counsel). Ray does not claim to have filed such a motion, nor does the Fourth Department have a record of any such filing. Nonetheless, because there is no time limit for filing a coram nobis motion, Ray still has an opportunity to pursue his claim of effective appellate counsel. *See Fernandez v. Artuz*, 402 F.3d 111, 115-16 (2d Cir. 2005) (explaining that "there is no deadline at all for filing coram nobis petitions"). Thus, Ray cannot argue that he is unable to exhaust his claims in state court.

Ray's assertion that he may complete his sentence before his claims are heard does not provide a basis for excusing the exhaustion requirement. As referenced above, an exception may be made "only if there is no opportunity to obtain redress in state court or if the [state] corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Although Ray asserts that he retained an appellate attorney in 2016, *see* Dkt. No. 9, pgs. 4-5, he has not shown that he made efforts to pursue his appeal beyond that. Nor has Ray alleged that he attempted to pursue his appeal through another attorney or that he requested the appointment of counsel by the state court, if he could not afford counsel. Moreover, an individual attorney's failure to perfect an appeal does not render the process futile. *See Vaughn v. Ward*, 19-CV-6596, 2021 U.S. Dist. LEXIS 26795, at *16-17 (S.D.N.Y. Feb. 10, 2021), *adopted by* 2021 U.S. Dist. LEXIS 66832 (S.D.N.Y., Apr. 6, 2021) (finding no basis to excuse exhaustion requirements where notice of appeal was filed but appeal was not perfected due to the fact that "any failure to exhaust available state court remedies was

a result of [petitioner's] retained appellate counsel's conduct, not the state corrective process or circumstances that render such process ineffective to protect his rights").

To the extent Ray has raised a cognizable due process claim based on appellate delay,[2] he presents no basis to excuse such a claim from exhaustion requirements. To be sure, inordinate delay in adjudicating state court claims can constitute circumstances that render state court "processes ineffective to protect the rights of the prisoner." *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992); *see Harris v. Champion*, 938 F.2d 1062, 1068-69 (10th Cir. 1991) ("When [...] a habeas petitioner makes colorable and sufficient allegations of an unconstitutional delay in obtaining direct state appellate review of his criminal conviction, thus raising a federal due process claim independent of any trial errors, the federal district court should consider that claim on its merits without requiring that he exhaust his direct state appeal first."). This is particularly true when the state "clearly is responsible for the delay." *Workman*, 957 F.2d at 1344; *see also Coe v. Thurman*, 922 F.2d 528, 531 (9th Cir. 1990) ("Failures of court-appointed counsel and delays by the court are attributable to the state."); *Simmons v. Reynolds*, 898 F.2d 865, 868 (2d Cir. 1990) (finding that excessive delay in perfecting appeal by state-appointed counsel and resulting six-year delay in the state's determination of his appeal excused exhaustion requirements and constituted a due process violation); *Brooks v. Jones*, 875 F.2d 30, 31 (2d Cir. 1989) ("[W]hen it is perfectly apparent, as it is here, that a prisoner's requests to the state court and requests to state-appointed counsel have been to no avail,

---

[2] Respondent assumes but does not concede that Ray has raised a cognizable due process claim. *See Tripathy*, 473 F. Supp. 3d at 233 (citing *Roberites v. Colly*, 546 Fed. Appx. 17 (2d Cir. 2013)) (acknowledging that while the Supreme Court has not yet directly addressed the issue of whether the Constitution guarantees a speedy criminal appeal, the Second Circuit has allowed a Section 2254 petitioner to press a due process claim based on appellate delay).

10

we have held that the prisoner need not take additional steps in the state court before he may be heard in the federal courts."). The Second Circuit has repeatedly recognized that a failure to exhaust may be excused, where there has been "substantial delay in the state criminal appeal process." *See Roberites v. Colly*, 546 Fed. Appx. 17, 19 (2d Cir. 2013) (summary order) (citing *Cody v. Henderson*, 936 F.2d 715, 718 (2d Cir. 1991)).

Here, unlike the circumstances of *Workman*, *Harris, Simmons*, or *Brooks*, Ray has not made colorable allegations that his direct appeal or any post-conviction remedies have languished in the hands of the state court, nor that the delay in his appeal was attributable to court-appointed appellate counsel. In this case, there is no justification to charge the state with responsibility for the delay. Ray contends that his retained appellate counsel was negligent in carrying out his appeal. He has not demonstrated that excessive delay occurred due to failure of the state court or any state actor. Indeed, the only actions Ray attributes to the government is knowledge of the filing of the notice of appeal and responses to two inquiries he sent to the Appellate Division. Ray presents correspondence from the Fourth Department dated March 30, 2020, apparently received in response to a letter from Ray dated March 27, 2022. (Dkt. No. 12, pg. 10). Therein, a court attorney with the Appellate Division stated that the court had received Ray's request for a copy of his "decision" and advised Ray that the requested documents were with the Niagara County Clerk's Office. (*Id.*). In a second letter to the Appellate Division dated April 8, 2022, Ray requested a copy of any decision on his appeal and advised the court that "[a]ppellate counsel was hired by Defendant on March 8, 2016 and was paid in full for filing the Defendant's direct appeal and any subsequent briefs." (*Id.*, pg. 11). By letter dated April 25, 2022, a court attorney with the Appellate Division advised him that the

court had no records of filings in his case, that no argument was scheduled, and that no decision had been rendered. (*Id.*, pg. 14). Importantly, that letter advised Ray that he "must contact [his] retained attorney for a status update regarding perfection of [his] appeal." (*Id.*). Ray had already filed the instant habeas petition on April 22, 2022.

Despite these two letters, Ray has not requested the appointment of counsel for the purpose of appeal, nor has he sought other relief from the court in pursuit of his appeal. The evidence does not show that Ray alerted the Appellate Division about what he believes is constitutionally deficient performance by his retained counsel. *See Poole v. Strack*, 00-CV-1228, 2003 U.S. Dist. LEXIS 7839, at *19-20 (S.D.N.Y. Jan. 13, 2003), *adopted by* 2003 U.S. Dist. LEXIS 7124 (Apr. 29, 2003) (refusing to excuse exhaustion requirement because prisoner asserting an appellate delay claim following the death of his attorney had not taken steps to alert the state court to the delay). In fact, Ray has not alleged that he ever asserted the right to a speedy appeal in state court. Thus, it cannot be said that this delay was attributable to the state.

In assessing whether delay excuses exhaustion, a court properly considers the criteria articulated in *Barker v. Wingo*, 407 U.S. 514 (1972), regarding the right to a speedy trial, including (1) the length of the delay, (2) the reason for the delay and the party responsible, (3) whether petitioner asserted his right to a decision, and (4) ensuing prejudice. *Roberites v. Colly*, 546 Fed. Appx. at 19. Here, the length of the delay weighs in favor of Ray, because over six years passed between Ray's December 14, 2015 notice of appeal and his April 22, 2022 habeas petition. *See Simmons*, 898 F.2d at 870 ("[t]he doctrine of exhaustion of state remedies does not require a prisoner to wait […] three or four years before enlisting federal aid to expedite an appeal."). However, the second and

12

third factors each weigh against Ray. The delay appears to have occurred solely because privately retained counsel failed to diligently prosecute Ray's appeal despite Ray's alleged attempts to contact that counsel. The responsibility for this lengthy period of inaction appears to be attributable to appellate counsel and to Ray himself, who did not take any steps to pursue his appeal even when the inaction of his retained counsel was, or should have been, apparent to him. Nor has Ray asserted his right to a speedy appeal. He has made no motions or filings with the Appellate Division and has made no requests for the appointment of counsel to aid him. Lastly, the Ray has not shown that he will suffer prejudice as a result of delay in adjudication of his appeal. *See Collier v. Uhler*, 9:16-CV-0001, 2016 U.S. Dist. LEXIS 142990, at *9 (N.D.N.Y. Oct. 17, 2016) (citations omitted) (to show prejudice, petitioner must establish that "there is a reasonable probability that, but for the delay, the result of the appeal would have been different"). Consideration of these factors does not support excusing Ray from the exhaustion requirements; particularly because there is no reason to conclude that New York courts cannot expeditiously address Ray's claims.

The Court finds that Ray has not presented in state court the claims he raises in his petition, and he has not shown, pursuant to 28 U.S.C. § 2254(b)(1), an absence of available state corrective process or circumstances rendering such process ineffective to protect his rights. *See Vaughn*, 2021 U.S. Dist. LEXIS 26795, at *18 ("Where, as here, the petitioner's due process claim is derivative of his ineffective assistance of appellate counsel claim and: (a) the petitioner did not raise his ineffective assistance of appellate counsel claim in state courts; and (b) no time limitation exists to bring a writ of error coram nobis application in New York state court, […] petitioner's claim of ineffective assistance

13

of appellate counsel cannot be deemed exhausted because the petitioner can, under New York law, raise that claim in state courts.).

Thus, because all of Ray's claims are unexhausted and he has not demonstrated that an exception to the exhaustion requirement applies, his petition for relief cannot be granted by this Court. See Campos v. Smith, 15-CV-6580, 2017 U.S. Dist. LEXIS 37180 (E.D.N.Y. Mar. 15, 2017) (dismissing without prejudice petitioner's on-the-record and outside the record claims for failure to exhaust through direct appeal and § 440.10 motion); see also Rodriguez v. Uhler, 15-CV-9297, 2017 U.S. Dist. LEXIS 176170 at *26 (S.D.N.Y. Oct. 23, 2017), adopted by 2018 U.S. Dist. LEXIS 56848 (S.D.N.Y., Apr. 2, 2018) ("As all of Petitioner's habeas claims should be considered unexhausted, and as Petitioner has not demonstrated that State corrective procedures are either currently unavailable to him or have been rendered ineffective, habeas relief cannot be granted by the Court."). Addressing these claims would be premature and would violate federal-state comity. See Diguglielmo v. Senkowski, 42 Fed. Appx. 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address [petitioner's] federal claims, comity requires that we allow that court an opportunity to do so.").

Further, because Ray's state court appeal has never been decided or dismissed, his conviction is not yet final. As a result, the one-year statute of limitations applicable to habeas petitions has not yet begun to run. See 28 U.S.C. § 2244(d)(1)(A). Accordingly, dismissal of this petition without prejudice will not "unreasonably impair the petitioner's right to obtain federal relief" in the future. Rhines v. Weber, 544 U.S. 269, 278 (2005); see Rodriguez, 2017 U.S. Dist. LEXIS 176170 at *30 (recommending denial of petition without prejudice and finding a stay "not necessary to prevent the forfeiture of Petitioner's claims"

because the statute of limitations had not yet begun to run).³ Additionally, dismissal based solely on exhaustion grounds will not bar a future federal habeas petition as "second or successive." *See Campos*, 2017 U.S. Dist. LEXIS 37180, at *12 (citing *James v. Walsh*, 308 F.3d 162, 167-68 (2d Cir. 2002)

Accordingly, the Court recommends that Ray's petition be dismissed without prejudice. This will allow Ray to pursue any procedural options available to him in state court, and then take appropriate steps to return to federal court if necessary. Further, the Court recommends that no certificate of appealability be issued because petitioner has not made "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the foregoing reasons, it is recommended to the respondent's motion to dismiss the petition (Dkt. No. 4) be granted and that no certificate of appealability be issued.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of

---

³ Although Ray has not requested a stay of this case while he returns to state court, the Court notes that a stay is not appropriate under these circumstances. Generally, "stay-and-abeyance" procedures are limited to "mixed petitions" which contain both exhausted and unexhausted claims. *See Rhines*, 544 U.S. at 277; *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001). Here, however, there are no exhausted claims in the petition, thus distinguishing this case from *Rhines* and *Zarvela*. *See Kevilly v. Connelll*, 9:09-CV-270, 2009 U.S. Dist. LEXIS 78478, at *16-17 (N.D.N.Y. Aug. 31, 2009) (opining that federal courts should not be turned into a "jurisdictional parking lot" for unexhausted claims). Further, Ray has not met the standard required for a stay under *Rhines* to show "good cause" for not previously exhausting his claims and to establish that his claims are not "plainly meritless." *See* 544 U.S. at 277.

this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

SO ORDERED.

DATED:   March 27, 2023
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge