UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARTHUR RAY,

    Petitioner,

v.                                                        22-CV-307 (JLS) (MJR)

A. TITUS, Superintendent,

    Respondent.
_____

## DECISION AND ORDER

    Petitioner Arthur Ray commenced this proceeding in April 2022, when he filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Dkt. 1. Ray was convicted, after a guilty plea, of attempted first degree assault, for which he was sentenced to imprisonment for a determinate term of twelve years, plus five years of post-release supervision. *See id.* at 1–2.[1]

    Ray challenges his convictions on four grounds: (1) ineffective assistance of trial counsel for counseling him to plead guilty without filing pre-trial motions or requesting pre-trial hearings in the trial court, failing to raise certain unspecified state-law issues, and failing to protect him; (2) ineffective assistance of appellate counsel for failing to file any motions with the appellate court or perfect the appeal, despite receiving payment in full for services; (3) ineffective assistance of trial counsel for failing to protect him from the trial court's error in sentencing, which

_____

[1] All page references in this decision and order are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

prevented him from making a knowing and voluntary plea; and (4) the trial court's imposition of a harsh and excessive sentence. *See id.* at 5, 7, 8, 10. Respondent moved to dismiss for failure to exhaust state-court remedies. Dkt. 4; Dkt. 5; Dkt. 6. Ray responded (Dkt. 9), and Respondent replied (Dkt. 10). Ray filed a sur-reply. Dkt. 12.

This Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 18 U.S.C. §§ 636(b)(1)(B) and (C). Dkt. 8. On March 28, 2023, Judge Roemer issued a Report and Recommendation ("R&R"), recommending that this Court (1) grant Respondent's motion to dismiss, (2) dismiss the petition, without prejudice, to allow Ray to pursue any procedural options available to him in state court, and (3) decline to issue a certificate of appealability. Dkt. 13.

In particular, Judge Roemer concluded that Ray did not exhaust all available state-court remedies. *See id.* at 7. Judge Roemer next concluded Ray did not establish that an exception to the exhaustion requirement applies, and then set out the avenues of relief available to Ray in state court. *See id.* at 7–10. Finally, Judge Roemer considered whether any appellate delay excused any of Ray's claims from exhaustion and concluded that it did not. *See id.* at 10–14. Judge Roemer concluded the one-year statute of limitations that applies to Ray's petition has not started running, so dismissal without prejudice will not unreasonably impair Ray's right to obtain federal habeas relief in the future. *See id.* at 14–15.

Ray objected to the R&R. Dkt. 17. First, Ray argues that Judge Roemer improperly recharacterized his claims and improperly denied his Sixth Amendment claim based on appellate counsel's ineffectiveness for failing to perfect the appeal. *See id.* at 1–2. Second, he argues that Judge Roemer erred by analyzing only whether appellate counsel's conduct excused exhaustion, instead of also analyzing whether appellate counsel's conduct amounted to a constitutional violation. *See id.* at 2–3. Ray argues that disputed facts require an evidentiary hearing on the issue of his appellate counsel's representation. *See id.* at 3–4. Respondent responded to Ray's objections. Dkt. 21. Ray did not reply.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). It must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1): Fed. R. Civ. P. 72(b)(3). Based on its *de novo* review[2] of Judge Roemer's R&R and the relevant record, the Court accepts and adopts Judge Roemer's recommendations to grant Respondent's motion to dismiss, to dismiss the petition without prejudice, and to refrain from issuing a certificate of appealability.

---

[2] Respondent argues that clear error review applies because Ray's objections are not sufficiently specific. *See* Dkt. 21, at 6–7. After studying Ray's objections, and in light of his *pro se* status, the Court has reviewed the R&R *de novo*. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.") (internal quotation marks, citations, and emphasis omitted).

The R&R—and this Court's decision accepting and adopting it—conclude nothing about the merits of the claims raised in the petition. This Court concludes only that Ray has not exhausted all available state-court remedies, and that no exceptions to the exhaustion requirement apply to excuse him from exhausting his claims. Ray may seek to exhaust his claims in state court and, if appropriate, seek federal habeas relief in the future.

## CONCLUSION

For the reasons stated above and in the R&R, Respondent's motion to dismiss (Dkt. 4) is GRANTED. The petition (Dkt. 1) is DISMISSED, without prejudice. This Court concludes that Ray failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), and, therefore, DENIES a certificate of appealability. This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore DENIES leave to appeal as a poor person. See Coppedge v. United States, 369 U.S. 438, 444–46 (1962). The Clerk of the Court shall close this case.

SO ORDERED.

Dated:   November 17, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE